OPINION
{¶ 1} On September 22, 2000, appellant, Henson Howdyshell, filed a complaint against appellees, David, Russell and Mark Howdyshell and Howdyshell Lumber Company, seeking to dissolve the Lumber Company and transfer certain real estate to the shareholders pursuant to a settlement agreement between the parties entered into on March 13, 1998.
 {¶ 2} On July 25, 2003, the trial court filed judgment entries, in effect ordering the delivery of deeds to facilitate the corporate dissolution. On August 1, 2003, appellees filed a motion for relief from judgment, claiming a motion was not before the trial court and the trial court did not conduct a hearing on the matter. By judgment entry filed August 21, 2003, the trial court vacated the July 25, 2003 judgment entries.
 {¶ 3} On October 10, 2003, the trial court set a hearing for November 5, 2003 to determine if the August 21, 2003 judgment entry should be set aside and the July 25, 2003 judgment entries reinstated. On October 24, 2003, appellees filed a motion for relief from the October 10, 2003 judgment entry, claiming the trial court filed said entry without a motion by the parties. The motion was set for the November 5, 2003 hearing date. The record is silent as to whether the trial court conducted said hearing.
 {¶ 4} On March 4, 2004, appellant filed a motion to order delivery of the deeds to effect the purported settlement between the parties. A hearing was set for April 1, 2004. Again, the record is silent as to whether the trial court conducted said hearing.
 {¶ 5} On September 24, 2004, appellees filed a motion for final judgment entry to adopt the purported settlement between the parties. By judgment entries filed November 3 and 4, 2004, the trial court dissolved the Lumber Company and divided the real estate as set forth in Exhibit E of the complaint.
 {¶ 6} On July 22, 2005, appellees filed a motion to enforce final judgment entry. On July 28, 2005, appellant filed a motion for relief from the November 2004 judgment entries, claiming the trial court did not conduct a hearing on the matter. A hearing on the motions was held on August 19, 2005. By judgment entries filed August 31, 2005, the trial court granted appellees' motion and denied appellant's motion.
 {¶ 7} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 8} "THE JUDGMENTS OF THE TRIAL COURT ENTERED ON NOVEMBER 3, 2004 AND NOVEMBER 4, 2004 WERE VOID AS THE SAME WERE ENTERED BY THE TRIAL COURT WITHOUT A TRIAL OF THE ISSUES BEFORE THE TRIAL COURT, WITHOUT NOTICE GIVEN TO PLAINTIFF-APPELLANT OF THE INTENDED ACTIONS OF THE TRIAL COURT AND WITHOUT PLAINTIFF-APPELLANT BEING ACCORDED ADEQUATE OPPORTUNITY TO DEFEND THE ACTIONS OF THE TRIAL COURT. CONSEQUENTLY, THE TRIAL COURT'S FAILURE TO VACATE SAID VOID JUDGMENTS UPON MOTION BY PLAINTIFF-APPELLANT FOR RELIEF FROM JUDGMENT CONSTITUTED ERROR REQUIRING THAT THE JUDGMENTS OF THE TRIAL COURT BE REVERSED AND THE MATTERS AT ISSUE BE REMANDED TO THE TRIAL COURT FOR TRIAL ON THE PENDING ISSUES."
 I {¶ 9} Appellant claims the trial court erred in rendering the judgments of November 3 and 4, 2004 without notice and hearing. Appellant also claims the trial court erred in denying his motion for relief from judgment pursuant to Civ.R. 60(B). We disagree.
 {¶ 10} The record indicates that on March 24, 2004, appellant's counsel filed a motion to order delivery of deeds to effect settlement, and made the following request:
 {¶ 11} "* * * a hearing to be scheduled at which time the defendants be required to appear and show cause why the deeds have not been signed and delivered (or, in the alternative, defendants can deliver said deeds to the court at such time). In the alternative, plaintiff requests that the court issue a definitive Judgment Entry at the time of said hearing adopting said settlement and journalizing the same of record."
 {¶ 12} By judgment entry filed March 25, 2006, the trial court set a hearing for April 1, 2004. Thereafter, on September 24, 2004, appellees' counsel filed a motion for final judgment entry, and served appellant's counsel. On November 3, 2004, the trial court filed a judgment entry naming the owners of the real estate in question. Appellant's counsel approved this entry via signature. The November 4, 2004 final judgment entry was substantially the same order as the November 3, 2004 judgment entry, but was designated a final judgment and contained the judge's signature only.
 {¶ 13} Appellant argues he was never notified of the trial court's impending action when in fact his counsel initiated it and approved the November 3, 2004 judgment entry. Pursuant to Civ.R. 5(B), service of all pleadings subsequent to the complaint is to be made on the attorney of record for the parties.
 {¶ 14} Therefore, we conclude appellant had notice of the September 24, 2004 motion for final judgment entry as it was served upon his attorney of record, and the attorney of record consented to the November 3, 2004 judgment entry.
 {¶ 15} The central issue of this assignment of error and the matter actually appealed from is the denial of appellant's motion for relief from judgment filed July 28, 2005. A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. In GTE Automatic ElectricInc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus, the Supreme Court of Ohio held the following:
 {¶ 16} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 17} In his motion for relief, appellant argued the November judgment entries were void as a hearing was not held, and they were entered in error. In his affidavit attached to the motion, appellant claimed he was denied the opportunity to prosecute his claims and defend against appellees' claims. Appellant's complaint sought the enforcement of a settlement agreement, attached as Exhibit E. In his March 24, 2004 motion to order delivery of deeds to effect settlement, appellant's counsel memorialized the settlement agreement. Upon comparison, although in different form and terms of art, they appear to be substantially similar. By filing the November judgment entries, the trial court in fact granted appellant's March 24, 2004 motion.
 {¶ 18} Upon review, we find the trial court did not abuse its discretion in denying appellant's motion for relief from judgment. We do not find any meritorious defense left to appellant under the GTE Automatic standard.
 {¶ 19} The sole assignment of error is denied.
 {¶ 20} The judgment of the Court of Common Pleas of Morgan County, Ohio is hereby affirmed.
By Farmer, J. Gwin, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Morgan County, Ohio is affirmed.